# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.   CRIMINAL NO. 20-122 (PAD)

JUAN RAMON MUÑOZ-SANTIAGO,
Defendant.



## PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, defendant, **Juan Ramon Muñoz-Santiago**, and defendant's counsel, Antonio Bisbal-Bultron, Esq., pursuant to Fed. R. Crim. P. 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant Will Plead Guilty

Defendant agrees to plead guilty to Count Two and Count Four of the Indictment:

Count Two: On or about the 3rd day of March, 2020, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, **Juan Ramon Muñoz-Santiago**, did knowingly and intentionally possess a firearm, to wit: one .45 caliber Glock pistol, model 21, serial number EPF953US, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is, possession of a controlled substance with intent to distribute as charged in Counts Four

and Five of the instant Indictment. All in violation of 18 U.S.C. §§ 924(c)(1)(A).

Count Four: On or about the 3rd day of March, 2020, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, **Juan Ramon Muñoz-Santiago**, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectible amount of marijuana, a Schedule I controlled substance. All in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).

2. **Stipulation as to the Amount of Narcotics**

The United States and the defendant, **Juan Ramon Muñoz-Santiago**, stipulate the defendant shall be accountable for the possession with intent to distribute less than 1 kilogram of marijuana, a Schedule I controlled substance.

3. **Maximum Penalties**

Count Two: The maximum statutory penalties for the offense charged in Count Two of the Indictment are a term of imprisonment of not less than five years and up to life imprisonment, a fine not to exceed two hundred and fifty thousand dollars, and a term of supervised release of not more than five years. 18 U.S.C. §§ 924(c)(1)(B)(ii), 3571(b)(3), and 3583(b)(1).

Count Four: The maximum statutory penalties for the offense charged in Count Four of the Indictment are a term of imprisonment of not more than five years, a fine not to exceed two hundred and fifty thousand dollars, and a term of supervised release of at least two years. 21 U.S.C. § 841(b)(1)(D).

4. **Sentencing Guidelines Applicability**

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (Guidelines), which are advisory pursuant to the United States Supreme Court decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005). Further, defendant acknowledges that the Sentencing Reform Act of 1984 abolished parole and that the imposition of defendant's sentence may not be suspended.

5. **Special Monetary Assessment**

Defendant agrees to pay a special monetary assessment (SMA) of one hundred dollars per count of conviction. The SMA will be deposited in the Crime Victim Fund pursuant to 18 U.S.C. § 3013(a)(2)(A).

6. **Fines and Restitution**

Pursuant to U.S.S.G. § 5E1.2, the Court may order defendant to pay a fine. The Court may also impose restitution. If requested by the United States, defendant agrees to complete a standardized financial statement (OBD Form 500) and make it available to the Court prior to sentencing. The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

7. **Sentence to be Determined by the Court**

Defendant understands that the United States District Judge will make the sole determination as to defendant's sentence. The United States has not made and cannot

make any promise or representation as to what sentence defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court and do not constitute representations about what the parties will seek or what the actual sentence will be.

**8. Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and defendant submit that the advisory Guidelines calculations listed below apply to defendant. However, defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT TWO—18 U.S.C. § 924(c)(1)(A) ||
|---|---|
| Statutory Mandate— U.S.S.G. 2K2.4(b) & 18 U.S.C. § 924(c)(1)(A)(i) | 60 months to life imprisonment |

| SENTENCING GUIDELINES CALCULATIONS COUNT THREE—21 U.S.C. § 841(a)(1) |||||||
|---|---|---|---|---|---|---|
| Base Offense Level—U.S.S.G. § 2D1.1(c)(17) |||||| 6 |
| Acceptance of Responsibility—U.S.S.G. §3E1.1 |||||| - 2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** |||||| 4 |
| CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI ||
| 0-6 | 0-6 | 0-6 | 2-8 | 4-10 | 6-12 ||

9. **Sentence Recommendation**

As to Count Two, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that Defendant may request a sentence of imprisonment of seventy-two months and the Government may request a sentence of imprisonment of eight-four months.

As to Count Four, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request a sentence of imprisonment of one day. Pursuant to statute, the two sentences will run consecutively.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

10. **No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for defendant.

11. **Waiver of Appeal**

Defendant knowingly and voluntarily agrees that if the imprisonment sentence imposed by the Court is eighty-four months and one day or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 12. No Further Adjustments or Departures

The United States and Defendant agree that defendant shall not seek any further adjustments or departures to defendant's total adjusted base offense level or a variant sentence under 18 U.S.C. § 3553—other than what is explicitly provided for in this Plea Agreement. The parties agree that any request by defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement. The United States will be free to ask for any sentence within the Guidelines or statutory limits.

## 13. Satisfaction with Counsel

Defendant is satisfied with counsel, Antonio Bisbal-Bultron, Esq., and asserts that counsel has rendered effective legal assistance.

## 14. Rights Surrendered by Defendant through Guilty Plea

Defendant understands that by entering into this Plea Agreement, defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. A judge sitting without a jury may conduct the trial if defendant, the United States, and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where they show actual bias or other disqualifying factor, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The Court would instruct the jury that it

must presume that the defendant is innocent, that it could not convict defendant unless, after hearing all the evidence, the United States persuaded it of defendant's guilt beyond a reasonable doubt, and that it must consider each charge separately.

c. If the judge holds a trial without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether the evidence established defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.



e. At a trial, defendant could rely on the privilege against self-incrimination to decline to testify, and the jury could draw no inference of guilt from defendant's refusal to testify. If defendant desired to do so, defendant could testify on defendant's own behalf.

15. **Stipulation of Facts**

The parties hereby incorporate the accompanying Stipulation of Facts—signed by defendant—into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

16. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and defendant. It does not bind any other federal district, state, or local authorities.

17. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, defendant, and defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

18. **Amendments to Plea Agreement**

The parties will not enter into any other promises, terms or conditions unless they are in writing and signed by all parties.

19. **Dismissal of Remaining Counts**

At sentencing, should there be any pending counts and should the defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against defendant in this case.

20. **Voluntariness of Plea Agreement**

Defendant acknowledges that no one has made any threats against defendant and that defendant is pleading guilty freely and voluntarily because defendant is guilty.

21. **Breach and Waiver**

Defendant agrees that it will be a breach of this Plea Agreement if, after entering into this Plea Agreement, defendant: (a) fails to perform or to fulfill completely each and every one of defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation

under this Plea Agreement and defendant will not have the right to withdraw the guilty plea. Moreover, defendant agrees that if defendant breaches any part of the Plea Agreement, defendant waives any objection to the reinstatement of any charges under the Indictment, Information, or complaint that the Court may have previously dismissed or that the United States may have not previously prosecuted.

22. **Potential Impact on Immigration Status**

Pursuant to Fed. R. Crim. P. 11(b)(1)(O), defendant hereby agrees and recognizes that if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

23. **Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case is a felony conviction that will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to possess a firearm lawfully.

## 24. Firearms and Ammunition Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), defendant agrees to forfeit defendant's rights and interest any firearms and ammunition involved or used in the commission of the offense, including, but not limited to: one .45 caliber Glock pistol, model 21, serial number EPF953US; three .45 caliber ammunition magazines (one with thirteen round capacity, one with twenty-four round capacity, and one with forty round capacity); one 9 mm caliber ammunition magazine (thirty round capacity); two rounds of .45 caliber ammunition; one-hundred-two rounds of .40 caliber ammunition; and twenty-five rounds of 9 mm caliber ammunition.

W. STEPHEN MULDROW
United States Attorney

_____
Nicholas Cannon
Assistant U.S. Attorney, Chief
Child Exploitation and Immigration Section
Dated: 5/24/2021

_____
Seth Tremble
Special Assistant U.S. Attorney
Dated: 5/24/21

_____
Antonio Bisbal-Bultron
Counsel for Defendant
Dated: 5/28/2021

_____
Juan Ramon Muñoz-Santiago
Defendant
Dated: 5/28/2021

# UNDERSTANDING OF RIGHTS

I have consulted with my attorney and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My attorney translated the Plea Agreement into Spanish, my native language, and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 5/28/2021

Juan Ramon Muñoz-Santiago
Defendant

I am the attorney for defendant. I have fully explained defendant's rights to defendant with respect to the pending charges. I have reviewed the applicable provisions of the Guidelines and fully explained to defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with defendant. I have translated the Plea Agreement into Spanish and explained it to defendant in Spanish, defendant's native language. Defendant confirmed that defendant has no doubts as to the contents of the agreement. To my knowledge, defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of defendant's plea of guilty.

Date: 5/28/2021

Antonio Bisbal-Bultron
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the defendant **Juan Ramon Muñoz-Santiago** admits that defendant is guilty as charged in the Indictment and admits the following:

On March 3, 2020, at approximately 1:00 PM, Puerto Rico Police Department (PRPD) Agents, assigned to the Narcotics Metro Unit in Ponce, were assigned to an operational plan geared towards the execution of a State Search Warrant for a residence, located at Bo. Paso Seco Street 5 # 101 in Santa Isabel, Puerto Rico. When PRPD Agents arrived at the abovementioned location, they observed an individual, later identified by PRPD Agents as Defendant **Juan Ramon Muñoz-Santiago**, standing outside the residence. PRPD Agents presented **Muñoz-Santiago**, with the State Search Warrant documents. PRPD detained **Muñoz-Santiago** and advised him of his Miranda Warnings.

During the search of the residence, and in the presence of **Muñoz-Santiago**, PRPD Agents recovered one .45 caliber Glock pistol, model 21, serial number EPF953US; three .45 caliber ammunition magazines (one with thirteen round capacity, one with twenty-four round capacity, and one with forty round capacity); one 9 mm caliber ammunition magazine (thirty round capacity); two rounds of .45 caliber ammunition; one-hundred-two rounds of .40 caliber ammunition; and twenty-five rounds of 9 mm caliber ammunition. The PRPD agents also recovered one can of gun oil, one cellphone, and narcotics paraphernalia including one bag containing

approximately ½ pound of a green leafy substance that field tested positive for marijuana.

For purposes of this Plea and Forfeiture Agreement, the parties stipulate that Defendant is responsible for possessing with intent to distribute less than one kilogram of marijuana, a Schedule I controlled substance.

The parties agree and stipulate as part of this Plea and Forfeiture Agreement that had this matter proceeded to trial, the United States would have presented evidence—specifically the testimony of witnesses as well as physical and documentary evidence—that would have proven defendant's guilt beyond a reasonable doubt. Defendant admits that he knowingly possessed a firearm, that he knowingly committed the elements of a drug trafficking crime that is prosecutable in federal court—possession of less than one kilogram of marijuana with intent to distribute, and that he possessed the firearm in furtherance of the aforementioned drug trafficking crime.

At trial, the United States would have proven beyond a reasonable doubt that defendant **Juan Ramon Muñoz-Santiago** is guilty as charged in Count Two and Count Four of the Indictment. The United States made discovery available in a timely manner to defendant through defendant's counsel for review.

_____
Seth Tremble
Special Assistant U.S. Attorney
Dated: 5/24/21

_____
Antonio Bisbal-Bultron
Counsel for Defendant
Dated: 5/28/2021

_____
Juan Ramon Muñoz-Santiago
Defendant
Dated: 5/28/2021